OPINION
Defendant-appellant, Tri-County Harley Davidson, Inc., appeals the decision of the Fairfield Municipal Court, Small Claims Division, finding that appellant engaged in deceptive sales practices and awarding damages to appellee in the amount of $926.
On May 21, 1996, appellee took his motorcycle to appellant's motorcycle shop to have general service done and to have a problem with the transmission repaired. Appellant told appellee that it would take one week to complete the service and repairs. Appellee went out of town for several weeks. On July 22, 1996, appellee called appellant to see if the service and repairs were complete. Appellant told appellee that the service and repairs had all been completed. On August 3, 1996, appellee came to pick up his motorcycle. Appellant again told appellee that all service and repairs had been completed. Before allowing appellee access to the motorcycle, appellant required appellee to pay the total bill of $806, for all parts and labor. Appellee testified that he was required to pay the $806 in cash.
After paying, appellee was taken back into the shop where he saw his motorcycle lying in several pieces stored in cardboard boxes around the shop. Appellee testified that he then took the motorcycle to a retired Harley mechanic who charged him $120 to complete the repairs and put the transmission back together.
Appellant testified that their mechanics were unable to put the transmission back together because it had been modified from a chain-drive to a belt-drive transmission. Appellant also testified that all other service, unrelated to the transmission, had been completed in a workmanlike manner.
On August 3, 1998, appellee filed suit requesting damages of $926. On September 28, 1998, the magistrate issued a decision awarding $926 to appellee. The magistrate found that appellee was entitled to treble damages under R.C. 1345.09(B), finding that appellee's "damages are at least the amount claimed in the complaint." The trial judge adopted the magistrate's decision in its entirety.
Appellant filed this appeal raising the following sole assignment of error:
 THE JUDGMENT AGAINST DEFENDANT-APPELLANT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In this assignment of error, appellant argues that there can be no violation of the Consumer Sales Practices Act ("CSPA") where the consumer does not request to rescind the contract within a reasonable time or prove actual damages.
R.C. 1345.01 et seq. governs consumer sales practices in Ohio. R.C. 1345.02(A) states: "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."
To determine if a specific act or practice is a deceptive sales practice which violates the general directive of R.C.1345.02(A), one must look to three separate sources. First, R.C.1345.02(B) contains an enumerated list of practices which are unfair or deceptive. Second, pursuant to R.C. 1345.05(B)(2), the attorney general is authorized to adopt substantive rules defining acts or practices that violate R.C. 1345.02. These rules are found in the Ohio Administrative Code. Third, Ohio courts have defined a variety of specific acts and practices which are unfair or deceptive. Frey v. Vin Devers, Inc. (1992), 80 Ohio App.3d 1,6. See, also, Fletcher v. Don Foss of Cleveland, Inc. (1993),90 Ohio App.3d 82, 86.
If an Ohio consumer has been the victim of a deceptive sales practice, R.C. 1345.09 outlines certain remedies which the consumer may pursue. R.C. 1345.09(B) states:
 Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02 or 1345.03 of the Revised Code and committed after the decision containing the determination has been made available for public inspection * * *, the consumer may rescind the transaction or recover, but not in a class action, three times the amount of his actual damages or two hundred dollars, whichever is greater * * *.
The above statute permits recovery of three times actual damages or $200, whichever is greater, where the violation was an act or practice previously declared to be deceptive or unconscionable. In addition, the statute provides that the consumer may rescind the transaction where revocation of the transaction occurs within a reasonable time, and there has been no substantial change to the subject matter of the transaction. SeeDavenport v. Score Auto (Dec. 1, 1997), Butler App. No. CA97-03-042, unreported, at 7.
In this case, it appears that appellee attempted no rescission prior to August 3, 1998 when he filed his civil complaint. This was two years after he discovered that his motorcycle had not been repaired as stated. By that time, the motorcycle's transmission had been taken apart by appellant and put back together by the retired mechanic. Therefore, rescission is inapplicable to this case since appellee did not attempt to rescind within a reasonable time before substantial change had occurred to the motorcycle. See Clayton v. McCary (N.D.Ohio 1976), 426 F. Supp. 248 (holding that a substantial change had occurred where the engine of an automobile had been replaced before rescission occurred). In addition, it is evident from the August 3, 1998 complaint that appellee requested damages in the amount of $926, not a rescission.
Since rescission is not an appropriate remedy in this case, the only issue remaining is whether appellee should receive treble damages or the statutory $200 amount. We find evidence of three separate violations of the CSPA by appellant.
First, appellant told appellee that the work would be completed in one week. After nearly two months, the work was still not complete, and was therefore untimely. In Crye v. Smolak
(1996), 110 Ohio App.3d 504, the court recognized that "untimeliness" is not one of the deceptive practices or acts listed in the statute. However, the court found that "untimeliness had been determined to be a deceptive act or unconscionable practice, violating R.C. 1345.02 or 1345.03." Crye
at 510.
Second, appellee called appellant on July 22, 1996 to inquire about the status of his motorcycle. Appellant misrepresented that the service and repairs had been completed. Ohio Administrative Code specifically states: "In any consumer transaction involving the performance of any repair or service upon a motor vehicle it shall be a deceptive act or practice for a supplier to * * * [r]epresent that repairs have been made or services have been performed when such is not the fact." Ohio Adm. Code109:4-3-13(C)(9).
Third, on August 3, 1996, when appellee came to appellant's shop to pick up his motorcycle, appellant again misrepresented that the service and repairs had been completed. This constituted another violation of Ohio Adm. Code 109:4-3-13(C)(9). All three violations had been previously declared to be deceptive and unconscionable consumer practices.
Although the record reveals three violations of the CSPA by appellant, our review of the record fails to support the magistrate's calculation of $926 in damages. The magistrate awarded $926 in treble damages, finding that "treble damages are at least the amount claimed in the complaint." It appears that the magistrate awarded treble damages without first establishing what appellee's actual damages were. The statute clearly provides that the consumer is entitled to "three times the amount of his actual damages or two hundred dollars, whichever is greater." R.C. 1345.09(B). It is axiomatic that to award treble damages based upon actual damages, a finding of actual damages must first be made.
There is no evidence that appellee's actual damages were $309. Therefore, the treble damages award of $926 is unsupported by the evidence. Further, the evidence in the record fails to establish conclusively what appellee's actual damages were. It is undisputed that appellee paid appellant a total of $806. Evidence demonstrated that new parts were installed by appellant in the amount of $545. Appellant presented further evidence that the remaining $261 on appellee's bill represented labor cost for work actually performed on the motorcycle. Appellant argues that appellee only paid for parts and labor which were actually performed. If this is true, appellee suffered no damage. Further, appellee presented no evidence that $806 was an unreasonable cost for parts which were actually installed and labor which was actually performed by appellant.
Appellee presented evidence that he paid the retired mechanic $120 to complete the repairs and reassemble the transmission. However, it appears that the $120 represented the reasonable amount that appellee would have had to pay to have the motorcycle put back together regardless. Therefore, we find that the evidence in the record fails to establish the amount of appellee's actual damages, if any.
In the alternative, we find that appellee should have been granted the $200 statutory award. Ohio courts have held that where there are separate violations of the CSPA for separate acts, the consumer is entitled to $200 per violation. Crye,110 Ohio App.3d at 511. Accordingly, we find that appellee is entitled to $200 for each of appellant's three CSPA violations as outlined above. Pursuant to App.R. 12, we enter judgment in the amount of $600 in favor of appellee.
Judgment affirmed as modified.
POWELL, P.J., and KERNS, J., concur.
Kerns, J., retired, of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.